**Julianne D. DAVIS**

v.

**Ricky DAVIS.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Sept. 21, 2006 Session.

Nov. 3, 2006.

Permission to Appeal Denied by Supreme Court March 12, 2007.

Ricky Davis, Knoxville, Tennessee, pro se Appellant.

Julianne D. Davis, Knoxville, Tennessee, pro se Appellee.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

In this post-divorce action, Ricky Davis has filed four Notices of Appeal challenging various orders of the trial court. Because none of the orders identified by Mr. Davis are final judgments within the meaning of Tennessee Rule of Appellate Procedure 3(a), we hold that we do not have jurisdiction over this matter and dismiss Mr. Davis' appeals.

Julianne D. Davis and Ricky Davis were divorced by final judgment entered on November 19, 2002. Unfortunately, the "final" judgment of the trial court produced no finality with regard to the many disputes between these ex-spouses. After more than six years of litigation, the record is replete with petitions for contempt, motions to set aside various orders of the court, and numerous other documents filed by Mr. Davis and Ms. Davis. This case is before us on four Notices of Appeal filed by Mr. Davis, appealing orders of the court entered on the following dates: December 9, 2005; March 31, 2006; April 7, 2006; and June 5, 2006. For the reasons set forth below, we find that we lack subject matter jurisdiction to entertain these appeals because the judgments from which Mr. Davis seeks relief are not final judgments as defined in Tennessee Rule of Appellate Procedure 3.[1]

Ms. Davis filed for divorce on May 9, 2000. Several months later, the couple, who are the parents of two minor sons, entered into an Agreed Permanent Parenting Plan, which was approved as an order of the trial court in April of 2001. On January 3, 2002, Mr. Davis and Ms. Davis participated in mediation with mixed results. Although the signatures of both parties appear on the handwritten rough draft of the mediated agreement, neither party signed the typed version of the document. It appears from the record that Mr. Davis objected to the terms of the Mediated Agreement on the day after he and Ms. Davis attended the mediation session. Over the protestations of Mr. Davis, the trial court entered the Mediated Agreement as an order of the trial court following a hearing on September 4, 2002. Acting through his attorney,[2] Mr. Davis promptly filed a Motion for New Trial (i.e. to Vacate/Set Aside Orders), requesting, *inter alia*, that the Mediated Agreement and the Order approving same be set aside because Mr. Davis withdrew his assent to the agreement before it was approved by the trial court. The court found no merit in Mr. Davis' motion, and the terms of the Mediated Agreement were incorporated into a Final Judgment granting the parties a divorce on November 19, 2002. No appeal was taken from this order.

Since the divorce, Mr. Davis, thoroughly dissatisfied with the trial court's ratification of the Mediated Agreement, has continued to file motions to set aside the

---

1. Although neither party raised the issue of this Court's jurisdiction, we are obligated to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review...." Tenn. R.App. P. 13(b) (2005).

2. Both Mr. Davis and Ms. Davis have been represented by counsel at various times during this litigation. However, on appeal, the parties opted to proceed *pro se.*

agreement and to vacate orders based upon it. He has also filed motions contesting other orders of the court. All have been unsuccessful. Judge Bill Swann, the trial court judge who presided over much of this case, stated the following:[3]

> Mr. Davis chooses not to hear, or perhaps is unable to understand, the meaning of court orders. He does not acknowledge that an issue can be concluded, and once concluded, cannot be further litigated. Instead he relentlessly, repeatedly, urges the same stale allegations previously adjudicated. He wastes the court's time; he wastes the time of the practicing bar; he wastes the time of litigants who deserve to be heard on matters of merit.

> Even though the mother to some extent does stoke the fire of litigation, the father has exceeded all bounds of zeal in the filing of inappropriate, unsubstantiated, redundant pleadings against the mother. His desire to villify her and her family knows no bounds. He will not and cannot let the past go. Every sin which he believes she has ever committed is writ large and permanently upon the walls of his mind. This mother can never meet his approval.

Although Mr. Davis filed numerous motions at the trial court level, it was not until December 9, 2005, that he elected to pursue an appeal with this Court. In his first Notice of Appeal, Mr. Davis contested a ruling announced by Judge Swann in open court on December 9, 2005.[4] The subject of the December 9, 2005, hearing was a motion by Mr. Davis to set aside an order from October 3, 2005, which established 50/50 co-parenting of the parties' two sons. In his motion, Mr. Davis set forth allegations of poor parenting by Ms. Davis. He also asserted that the Mediated Agreement was fraudulent, and he asked that Judge Swann recuse himself from the case. Judge Swann heard Mr. Davis' argument on December 9, 2005; however, an order setting forth his ruling was not entered until April 7, 2006, following a review of the file during a motion day on March 31, 2006. The April 7, 2006, order denied Mr. Davis' Motion for New Trial and indicated that "all matters in this case are final as of 9 December 2005, and ripe for appeal should [Mr. Davis] wish to take same to the Tennessee Court of Appeals."[5]

After careful review of the record, we are convinced that the Notices of Appeal filed by Mr. Davis challenging the validity of the December 9, 2005, March 31, 2006, and April 7, 2006, judgments all pertain to the same order entered by Judge Swann on April 7, 2006. Thus, for simplicity, our discussion of the April 7, 2006, judgment shall be dispositive of the three Notices of Appeal described above.

An appeal as of right is available to any party following the entry of a final judgment by a trial court, pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. However, except in limited circumstances,

---

**3.** Judge Swann recused himself from the case on June 5, 2006. In August, Chancellor Sharon J. Bell was appointed to hear the remaining issues in this litigation.

**4.** Judge Swann's ruling from the December 9, 2005, hearing was not reduced to writing until April 7, 2006. However, Rule 4(d) of the Tennessee Rules of Appellate Procedure authorizes litigants to file a premature Notice of Appeal. See Tenn. R.App. P. 4(d). Thus, we shall treat Mr. Davis' Notice of Appeal as having been filed on April 7, 2006, in accordance with Rule 4(d).

**5.** In that order, Judge Swann also declined to recuse himself, although in June 2006 he requested that another judge be appointed to hear the remainder of the case.

[I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.[6]

Tenn. R.App. P. 3(a) (2005). A final judgment "fully and completely defines the parties' rights with regard to the issue, leaving nothing else for the trial court to do." *Mosley v. Mosley*, No. E2000–01445–COA–R3–CV, 2000 WL 1859006, at *2 (Tenn. Ct.App., filed Dec. 20, 2000) (quoting *Hoalcraft v. Smithson*, 19 S.W.3d 822 (Tenn.Ct.App.1999)).

At the time of the entry of the April 7, 2006, order, there were several issues still pending before the trial court. Mr. Davis filed a Motion to Stop Plaintiff from Claiming Day Care Expenses on November 22, 2005, asking the court to allow him to keep the children after school instead of permitting Ms. Davis to send them to day care. Ms. Davis filed a Proposed Permanent Parenting Plan on February 6, 2006, seeking to modify the 50/50 co-parenting arrangement entered the previous October. Each parent also had a petition for contempt pending against the other parent which had been reserved for adjudication by a referee, along with Mr. Davis' request for modification of his child support obligation. Because there were multiple claims for relief in this case and the April

7, 2006, order resolved only one claim—Mr. Davis' Motion for a New Trial—we find that the April 7, 2006, order was not a final judgment within the scope of Tennessee Rule of Appellate Procedure 3(a). Therefore, we do not have subject matter jurisdiction to entertain his appeal of the April 7, 2006, order.

 The fourth Notice of Appeal filed by Mr. Davis in this matter relates to a June 5, 2006, order in which Judge Swann recused himself from the case and found a material change of circumstances. As Judge Swann noted in his order, "[a] material change of circumstances is a necessary threshold finding before there can be modification of co-parenting time." However, Judge Swann opted not to decide whether a change in the custody arrangement would be in the best interests of the parties' two children. Thus, the June 5,2006, order failed to "fully and completely define[ ] the parties' rights with regard to the issue, leaving nothing else for the trial court to do." Here, the judge appointed to adjudicate this case after Judge Swann's recusal must still decide whether to modify custody as requested by Ms. Davis, in addition to resolving the issues that we noted were outstanding as of April 7, 2006. Furthermore, Ms. Davis filed a Petition for Modification of Defendant's IRS Taxes on April 7, 2006, which was pending on June 5, 2006. These issues must be addressed before a final judgment will lie in this case.[7] Therefore, we find that the June 5,

---

**6.** A party may request an interlocutory appeal as provided in Rule 9 of the Tennessee Rules of Appellate Procedure. Tenn. R.App. P. 9. Additionally, when more than one claim for relief is present in an action, a court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02 (emphasis add-

ed). However, neither of these circumstances is present in the case before us.

**7.** We note that the Petition for Modification of Defendant's IRS Taxes was adjudicated before a referee, who filed her Findings and Recommendations on July 17, 2006. Judge Swann adopted those Findings and Recommendations on August 2, so this issue is no longer before the trial court for disposition.

2006, order is not a final judgment, so we have no jurisdiction to hear Mr. Davis' appeal.

We note that several of the motions filed by Mr. Davis at the trial court level, as well as a section of his appellate brief, pertain to the Mediated Agreement that was negotiated more than four years ago and then incorporated into the parties' November 19, 2002, divorce decree. Since the divorce decree was a final judgment within the meaning of Rule 3 and the time for appealing that judgment has long since passed, we conclude that any matters relating to the Mediation Agreement are *res judicata* and may not be considered on appeal, now or in the future.[8]

To aid the parties and the trial court, we find the following matters are still pending in this case:

1. Whether Mr. Davis is in contempt of court for failing to pay child support as ordered;

2. Whether Mr. Davis' child support obligation should be modified;[9] and

3. Whether the court should modify the parties' custody arrangement in accordance with Ms. Davis' Proposed Permanent Parenting Plan, filed February 6, 2006.

The first two issues are set to be heard by a referee on October 23, 2006, leaving only the custody issue to be scheduled for hearing by the trial court.

In summary, the orders which Mr. Davis has identified in his four Notices of Appeal are not final judgments within the meaning of Rule 3 of the Tennessee Rules of Appellate Procedure. Therefore, we do not have jurisdiction to entertain an appeal from this case. These appeals are dismissed, and costs are taxed to the Appellant, Ricky Davis.

---

**8.** As Judge Swann colorfully stated in court March 31, "That is so old and cold it has moss on it."

**9.** The trial court should consider Mr. Davis' Motion to Stop Plaintiff from Claiming Day Care Expenses, filed November 22, 2005, in conjunction with this issue.