# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
### August 16, 2017 Session

## ANNETTE CECILE MOORE v. BRIAN SCOTT MOORE

**Appeal from the Chancery Court for Williamson County**
**No. 39372     Michael Binkley, Judge**

_____

### No. M2017-00229-COA-R3-CV

_____

This is a post-divorce matter. Having reviewed the record transmitted to us on appeal, we observe that the case appealed from is not final. Given the absence of a final judgment, we dismiss the appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Gregory D. Smith and Brenton H. Lankford, Nashville, Tennessee, for the appellant, Annette Cecile Moore.

Jay S. Bowen and Lauren Kilgore, Nashville, Tennessee, for the appellee, Brian Scott Moore.

## MEMORANDUM OPINION[1]

### Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Ms. Moore and Mr. Moore were divorced by way of a final decree of divorce entered by the Williamson County Chancery Court on August 23, 2011. Incident to their divorce, the parties were able to reach a resolution on several matters, including the execution of a marital dissolution agreement ("MDA") and permanent parenting plan. Less than a year after the entry of the final decree, however, litigation arose with respect to a number of issues.

On June 29, 2012, Ms. Moore filed a motion asserting various alternative claims for relief, including a request that Mr. Moore transfer title to her then residence as required by the MDA. She asserted further claims on April 17, 2014, when she filed a petition for contempt against Mr. Moore. That petition sought, among other things, to hold Mr. Moore guilty of 32 separate counts of criminal contempt.

For his part, Mr. Moore filed a petition for contempt on April 1, 2014, asserting that Ms. Moore had failed to pay certain business sums as required under the MDA. Mr. Moore soon amended his April 1 filing on August 25, 2014 with his "Amended Petition to Enforce and Petition to Modify Alimony." Therein, Mr. Moore not only sought a judgment against Ms. Moore for her alleged failure to pay certain business debts required by the MDA, but he also prayed that his alimony obligation be modified.

In October 2016, a hearing was held on Ms. Moore's June 29, 2012 filing and on Mr. Moore's August 25, 2014 amended petition. By order entered on January 13, 2017, the Williamson County Chancery Court adjudicated the issues raised within these filings and granted relief on certain issues. In addition to granting Mr. Moore a judgment against Ms. Moore in the amount of $164,502.67, the Chancery Court determined that Mr. Moore's alimony obligation should be modified. This appeal followed.

**Discussion**

Although the parties' respective briefs present a number of issues for our review, Rule 13(b) of the Tennessee Rules of Appellate Procedure mandates that we first consider whether we have jurisdiction over the subject matter of the case. Tenn. R. App. P. 13(b); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010). In connection with this duty, we are required to consider whether the order appealed from is a final judgment. Indeed, it is well-settled law that, "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citation omitted); *see also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (noting that an appeal as of right may be taken only after the entry of a final judgment). A final judgment is one that completely defines the parties' rights and leaves nothing else for the trial court to do.

*Davis v. Davis*, 224 S.W.3d 165, 168 (Tenn. Ct. App. 2006) (citation omitted). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *In re Estate of Henderson*, 121 S.W.3d at 645.

In this case, the record transmitted to us on appeal reveals that the order appealed from is not final. Although the trial court's January 13, 2017 order disposed of Ms. Moore's June 29, 2012 filing and Mr. Moore's amended petition filed on August 25, 2014, it did not adjudicate all of the claims that were asserted by the parties. Namely, we observe that there is no indication in the record that Ms. Moore's petition for contempt filed on April 17, 2014 has been resolved. As previously noted, that petition sought, in part, to hold Mr. Moore guilty of 32 separate counts of criminal contempt.

In addition, we note that an August 22, 2016 agreed order concerning a motion for a restraining order filed by Ms. Moore stated that "all issues regarding attorney fees and expenses are reserved for the final hearing." This indicates that the trial court was of the opinion that further action was necessary to definitively dispose of all of the issues pertaining to Ms. Moore's motion for a restraining order. Although an issue of attorney's fees was addressed in the January 13, 2017 order, that order did not address the subject matter at issue in the August 22, 2016 agreed order. As we have noted, the January 13, 2017 order dealt only with Ms. Moore's June 29, 2012 filing and Mr. Moore's amended petition filed on August 25, 2014. Moreover, there is no indication elsewhere in the record that the matters reserved in the August 22, 2016 order were ever adjudicated.

Given the absence of a final judgment based on the record we have reviewed, we are without jurisdiction to proceed any further in this appeal. The appeal is hereby dismissed for lack of subject matter jurisdiction and the case is remanded for further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are assessed against the Appellant, Annette Cecile Moore, and her surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE