IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 16, 2017 Session

## ERIKA LOUISE DEWALD v. BAYA PAUL DEWALD

**Appeal from the General Sessions Court for Wilson County**
**No. 2014-DC-48     John Thomas Gwin, Judge**

———————————————————

### No. M2016-01598-COA-R3-CV

———————————————————

This is a divorce case involving numerous pleadings. Because the order appealed is not final in that it fails to adjudicate husband's petition for contempt and motion for sanctions, this Court lacks subject-matter jurisdiction over the appeal. Tenn. R. App. P. 3(a). Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Baya Paul Dewald.

A. Ensley Hagan, Jr. and Andrea Hagan, Lebanon, Tennessee; Yancy Belcher, Mt. Juliet, Tennessee, for the appellee, Erika Louise Dewald.

### MEMORANDUM OPINION[1]

#### BACKGROUND

Erika Louise Dewald ("Wife," or "Appellee") and Baya Paul Dewald ("Husband," or "Appellant") were married on July 6, 2002. One minor child was born to the marriage.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On March 17, 2014, Wife filed a "Petition for Absolute Divorce" in the General Sessions Court for Wilson County. On April 21, 2014, Husband answered Wife's petition. Following failed attempts at drafting a marital dissolution agreement ("MDA"), Husband filed a counter-complaint for divorce. Tenn. Code Ann. § 36-4-101.

In an order filed May 20, 2014, the trial court ordered that Husband would vacate the marital residence and Wife would enter the residence to collect a court-approved list of household items.[2] The order also stated that, "[b]oth parties [were] restrained and enjoined from speaking directly to the other by any means. All communications between the parties shall go through their respective counsel. A violation of this order will result in the offending party being held in criminal contempt of court." On June 20, 2014, Husband petitioned the court to hold Wife in civil contempt based on his allegations that she violated several provisions of the trial court's May 20, 2014 order. Additionally, on November 24, 2014, Husband filed a motion asking the trial court to impose sanctions on Wife and Wife's attorney.

The case was tried on February 22, 2016, February 26, 2016, February 29, 2016, and March 1, 2016. On August 2, 2016, the trial court entered a "Final Decree of Absolute Divorce." On August 10, 2016, Wife filed a "Motion to Alter or Amend Final Decree," seeking, *inter alia*, an award of additional personal items and restoration of her maiden name. On August 17, 2016, Husband filed a motion to alter or amend the final decree, wherein he also sought additional marital property and attorneys' fees. Furthermore, Husband specifically requested that the trial court, "[r]ule on [his] outstanding Petition for Contempt against the Wife."

On August 24, 2016, the trial court granted Husband's attorney's motion to withdraw. On September 20, 2016, the trial court issued an order on the parties' cross motions to alter or amend the final divorce decree. The trial court did not specifically address Husband's petition for contempt. Husband appeals.

Although the parties raise several issues for review, Rule 13(b) of the Tennessee Rules of Appellate Procedure mandates that we first consider whether we have jurisdiction over the subject matter of the case. Tenn. R. App. P. 13(b); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010). It is well-settled law that, "[u]nless an appeal from an interlocutory order is provided for by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citation omitted); *see also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (noting that an appeal as of right may be taken only after the entry of a final

---

[2] Because the parties were unable to agree on a list of items, the trial court attached a list specifically enumerating the items that Wife was permitted to collect as "Exhibit A" to its May 20, 2014 order.

judgment). We do not reach the substantive issues due to the fact that the order(s) appealed are not final so as to confer subject-matter jurisdiction on this Court. Tennessee Rule of Appellate Procedure 3(a) provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

A final judgment is one that completely defines the parties' rights and leaves nothing else for the trial court to do. *Davis v. Davis*, 224 S.W.3d 165, 168 (Tenn. Ct. App. 2006) (citation omitted). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *In re Estate of Henderson*, 121 S.W.3d at 645.

Accordingly, before this Court can adjudicate a Tennessee Rule of Appellate Procedure 3 appeal as of right, Tennessee Rule of Civil Procedure 13(b) requires us to first consider whether the order appealed is final so as to confer subject-matter jurisdiction on this Court. Here, our review of the record and the trial court's orders indicate that the trial court did not rule on Husband's petition for contempt or his November 24, 2014 motion for sanctions.[3]

Furthermore, the trial court did not direct the entry of a final judgment as to one or more but fewer than all of the claims or parties pursuant to Rule 54.02 of the Tennessee Rule of Civil Procedure. *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("However, there is a mechanism, found in Rule 54.02 of the Tennessee Rules of Civil Procedure, by which a party may appeal an order that adjudicates fewer than all of the claims, rights, or liabilities of fewer than all the parties.").

In the absence of a final judgment, we do not have subject-matter jurisdiction over this appeal. Accordingly, the appeal is hereby dismissed, and the case is remanded for further proceedings as may be necessary and consistent with this Opinion. Costs of the

---

[3] Wife may also have an outstanding petition for contempt. On April 1, 2015, the trial court entered an order addressing the claims raised at a September 11, 2014 hearing. The order states, "This cause having come before the court on the 11th date of September, 2014 for hearing upon . . . Husband's Petition for Contempt and Wife's Petition for Contempt." If the Wife did file a petition for contempt, the record does not contain a copy of that petition or indicate that the trial court ruled on her petition. If Wife does have an outstanding petition, the trial court must also address it before its decision will be considered final.

appeal are assessed against the Appellant, Baya Paul Dewald, and his surety, for all of which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE