FILED

12/12/2017

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 3, 2017

## IN RE CARTER B.

**Appeal from the Circuit Court for Lawrence County**
**No. 3015-16      Robert L. Jones, Judge**

---

### No. M2016-01438-COA-R3-JV

---

This case involves the custody of Carter B., a child adjudicated to be dependent and neglected. The Department of Children's Services, after taking custody of the child, asked the trial court to approve a 90-day trial home visit in the home of the child's maternal grandmother, pursuant to the provisions of Tenn. Code Ann. § 37-1-130(d) (Supp. 2017). The trial court granted the motion, finding a trial home visit to be in the child's best interest. The court scheduled a review hearing at a time near the end of the 90-day period. The child's guardian ad litem, Stacie Odeneal, who opposed the trial home visit, filed a notice of appeal. The child's mother filed a motion to dismiss the appeal, arguing that the trial court's order is not a final judgment. We hold the trial court's order granting a temporary trial home visit is not a final judgment. Accordingly, the guardian ad litem's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Stacie Odeneal, Lawrenceburg, Tennessee, Guardian ad Litem for Carter B., appellant.

Teresa P. Martin, Lawrenceburg, Tennessee, for the appellee, Melynda B.

Herbert H. Slatery, III, Attorney General and Reporter, and Alexander S. Rieger, Deputy Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

1

# OPINION

## I.

The child was first placed in grandmother's care after DCS filed a petition in juvenile court alleging that the child was dependent and neglected in his mother's care. DCS alleged that the child was often staying in grandmother's home while mother was staying in a camper in grandmother's back yard. Law enforcement officers discovered a methamphetamine laboratory inside the camper while the child was present. The officers also found marijuana and drug paraphernalia in the camper. DCS recommended that the court appoint a guardian ad litem and grant custody of the child to grandmother, who was tasked with supervising the parents' visitation with the child. After a preliminary hearing, the juvenile court ordered that the child be placed in grandmother's custody. Mother and father stipulated (1) that they were incarcerated at the time of the petition and hearing; (2) that the child was dependent and neglected; (3) that the child should remain in grandmother's custody; and (4) that DCS should open a Family Support Services case.

DCS later took custody of the child and began working with grandmother to help make her residence safe, clean, and suitable for the child. Eventually, DCS filed a motion in juvenile court for an order approving a trial home visit with grandmother. The juvenile court denied the motion. DCS appealed to the trial court. The trial court granted a 90-day trial home visit with grandmother. The court found that DCS had made multiple home visits and found grandmother's home to be a clean, safe, and appropriate place for the child to live. The court also found that grandmother had participated in parenting training, homemaker classes, co-parenting classes, domestic violence classes, and a class on how to identify drug use in others. The court noted that grandmother and the child had been visiting with one another, love one another, and that grandmother had been caring for two other grandchildren. The trial court also noted that it "does not expect [grandmother] to be perfect, and the Court does not find much fault with her." The court observed that grandmother had various personal burdens, including that she is not in ideal physical condition. However, the court found that a 90-day trial home visit was in the child's best interest. The order states that "[a] review hearing is scheduled in this [court] for August 16, 2016, at 9 a.m. in order to review the status of the trial home visit." The trial court did *not* designate its order to be a final judgment as allowed by Tenn. R. Civ. P. 54.02.

The guardian ad litem filed a notice of appeal. Mother filed a notice to dismiss the appeal on the grounds that the trial court's order is not a final judgment. The dispositive issue is whether the trial court's order granting DCS's motion for a trial home visit is an appealable final judgment.

2

## II.

Tennessee Rule of Appellate Procedure 3(a) provides that

> [i]n civil actions every final judgment entered by a trial court
> from which an appeal lies to the Supreme Court or Court of
> Appeals is appealable as of right. Except as otherwise
> permitted . . . , if multiple parties or multiple claims for relief
> are involved in an action, any order that adjudicates fewer
> than all the claims or the rights and liabilities of fewer than all
> the parties is not enforceable or appealable and is subject to
> revision at any time before entry of a final judgment
> adjudicating all the claims, rights, and liabilities of all parties.

A final judgment is a judgment that resolves all of the parties' claims and leaves the court
with nothing to adjudicate. **Ball v. McDowell**, 288 S.W.3d 833, 836–37 (Tenn. 2009).
"A final judgment 'fully and completely defines the parties' rights with regard to the
issue, leaving nothing else for the trial court to do.' " **Davis v. Davis**, 224 S.W.3d 165,
168 (Tenn. Ct. App. 2006) (quoting **Mosley v. Mosley**, No. E2000-01445-COA-R3-CV,
2000 WL 1859006, at *2 (Tenn. Ct. App., filed Dec. 20, 2000)). "Until a judgment
becomes final, it remains within the trial court's control and may be modified any time
prior to the entry of a final judgment." **Shofner v. Shofner**, 181 S.W.3d 703, 712–13
(Tenn. Ct. App. 2004). A judgment that is not final "is interlocutory or interim in nature
and generally cannot be appealed as of right." **In re Estate of Henderson**, 121 S.W.3d
643, 645 (Tenn. 2003).

This Court has not previously decided whether an order granting a trial home visit
in a dependency and neglect case is a final judgment under Tenn. R. App. P. 3(a). Tenn.
Code Ann. § 37-1-130(d) addresses the issuance of such an order. It provides in pertinent
part:

> (1) When [DCS] determines that a child who has been
> committed to the department under this section is ready to
> return home, the department shall notify the court in writing
> of its intention to place the child at home on a trial home visit.
> If the court objects to the trial home visit, it must notify the
> department of its objection in writing or set a hearing within
> fifteen (15) days of the date of the notice, with such hearing
> to be held at the earliest possible date. If the hearing is not set
> nor a written objection received within fifteen (15) days of
> the date of the notice, the department may place the child on a

3

trial home visit. The notice shall include the provision that the department's legal custody of the child shall terminate in ninety (90) days.

(2) If during the ninety-day period the department determines that the trial home visit is not in the child's best interest and removes the child on an emergency basis or seeks to remove the child on a non-emergency basis, the department shall file a motion for review by the court of the trial home visit and shall provide notice to the parent or parents, guardian or other custodian. The court shall hold a hearing on such motion within three (3) days of an emergency removal and shall set a hearing within fifteen (15) days to be held at the earliest possible date if the motion seeks the court's permission to make a non-emergency removal.

(3) During the ninety-day trial home visit, the court may periodically review the child's status and may make any orders that the best interest of the child may require.

In our view, this statute contemplates and provides for "things left to do" for the trial court during the pendency of the 90-day trial home visit. The term "*trial* home visit" itself suggests the impermanent, modifiable, and non-final nature of the custody arrangement. It is clear from the above-quoted language of the statute that the issue of the best interest of the child remains an ongoing concern that must be monitored and addressed by DCS and the trial court, if necessary. Tenn. Code Ann. § 37-1-130(d)(2) authorizes DCS to remove a child on an emergency or non-emergency basis, and requires the trial court to hold a timely hearing under such circumstances. Section (d)(3) permits a trial court to "periodically review the child's status" and make such further orders as are in the child's best interest.

In the present case, the trial court's order specifically provides for such a "review hearing scheduled . . . for August 16, 2016, at 9 a.m. in order to review the status of the trial home visit." In mother's supplement to her motion to dismiss the appeal, she attached an order of the trial court, entered January 24, 2017 – roughly six months after the notice of appeal was filed – which states:

This matter came before the Court on August 16, 2016, for hearing regarding the trial home visit of the child . . . with his grandmother . . . . The hearing was held, but the Court continued the matter to January 17, 2017, for further hearing.

4

On January 17, 2017, the matter again came before the Court, and it was noted the [m]other's attorney had filed a motion to dismiss the Guardian ad Litem's appeal to the Court of Appeals. In light of the motion to dismiss pending before the Court of Appeals, the hearing was continued again.

IT IS ORDERED AND DECREED the review hearing regarding the trial home visit is continued for final hearing to April 18, 2017, at 9 a.m.

In deciding the issue presented, we are mindful of the general principle that "[n]ormally, the filing of a notice of appeal places jurisdiction of a case in our court and deprives the trial court of jurisdiction to act further." *Roberts v. Roberts*, No. E2009–02350–COA–R3–CV, 2010 WL 4865441, at *8 (Tenn. Ct. App., filed Nov. 29, 2010), citing ***Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.***, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007) ("Stated another way, once the notice of appeal was filed, the jurisdiction of the appellate court attached, and, correlatively, the trial court lost jurisdiction") (internal brackets and quotation marks omitted). If the trial court's order granting a 90-day trial home visit constitutes a final and appealable judgment, then the oversight and review contemplated by the governing statute would be hindered or eliminated, because the trial court would lose jurisdiction to act further with the filing of a notice of appeal. This result would be contrary to the intent of Tenn. Code Ann. § 37-1-130(d). Consequently, we hold that an order approving a temporary trial home visit under the statute is not a final judgment.[1]

### III.

The appeal is dismissed for lack of a final judgment. Because the guardian ad litem prosecuted this appeal on behalf of a minor child, we decline to adjudge costs of appeal. *See* Tenn. Code Ann. § 20-12-128 (2017); ***Phillips v. Redmon***, No. M1999-01619-COA-R3-CV, 2001 WL 840266, at *4 (Tenn. Ct. App., filed July 26, 2001). The case is remanded to the trial court for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE

_____

[1] We note in passing that an aggrieved party can seek a review of an interlocutory order pursuant to the provisions of Tenn. R. Civ. P. 54.02 or Tenn. R. App. P. 9.