IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2018

## TONIANN WHITAKER v. JAMES B. DEVEREAUX

**Appeal from the Circuit Court for Jefferson County**
**No. 25015    Ben W. Hooper, II, Judge**

_____

### No. E2017-01812-COA-R3-CV

_____

After Appellant's son violated an order of protection entered against him, Appellant sought relief from the trial court. Although the trial court ruled on some of the issues raised by Appellant, not all of her claims were adjudicated. We therefore dismiss the appeal due to the absence of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Elizabeth R. McClellan, Johnson City, Tennessee, for the appellant, Toniann Whitaker.

James B. Devereaux, appellee. [1]

**MEMORANDUM OPINION[2]**

**BACKGROUND AND PROCEDURAL HISTORY**

_____

[1] Appellee did not file a brief.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In January 2017, the Appellant Toniann Whitaker ("Ms. Whitaker") petitioned the Jefferson County Circuit Court for an order of protection against her son, James Devereaux ("Mr. Devereaux"). A temporary order of protection was entered following the filing of the petition, and a hearing was set for February 13, 2017. That hearing date was later continued to March of the same year. On March 6, 2017, the trial court entered an order of protection against Mr. Devereaux, finding, among other things, that he had "Abused/Threatened to Abuse" Ms. Whitaker. The present litigation soon followed.

On May 4, 2017, Ms. Whitaker filed a "motion" for contempt against Mr. Devereaux alleging that he had violated the temporary order of protection, as well as the "permanent"[3] order of protection entered following the March hearing. The petition chronicled alleged incidents in which Mr. Devereaux had contacted Ms. Whitaker via Facebook and also detailed an alleged incident in which Mr. Devereaux had made "direct contact" by driving near her property. In addition to requesting that Mr. Devereaux be found in contempt, Ms. Whitaker prayed that the trial court would extend the order of protection, that it would find Mr. Devereaux guilty of a Class A misdemeanor offense, that it would order Mr. Devereaux to pay costs and attorney's fees pursuant to Tennessee Code Annotated section 36-3-617, and that it would require Mr. Devereaux to pay the bond mandated by Tennessee Code Annotated section 36-3-610(b). Under this latter statute, a judge "shall require" a bond of not less than $2,500 upon finding that an order of protection has been violated. *See* Tenn. Code Ann. § 36-3-610(b)(2).

Following a hearing on August 14, 2017, the trial court entered an order resolving some of Ms. Whitaker's claims. Although the trial court found Mr. Devereaux guilty of three counts of criminal contempt, it declined to impose the bond mandated by Tennessee Code Annotated section 36-3-610(b) and also declined Ms. Whitaker's request to extend the order of protection. This appeal followed.

## DISCUSSION

Although Ms. Whitaker's appellate brief presents a number of issues for our review, Rule 13(b) of the Tennessee Rules of Appellate Procedure mandates that we first consider whether we have jurisdiction over the subject matter of the case. Tenn. R. App. P. 13(b); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010). In connection with this duty, we are required to consider whether the order appealed from is a final judgment. Indeed, it is well-settled law that, "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citation omitted); *see also*

---

[3] By its terms, the order of protection was scheduled to end on March 6, 2018.

*In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (noting that an appeal as of right may be taken only after the entry of a final judgment). A final judgment is one that completely defines the parties' rights and leaves nothing else for the trial court to do. *Davis v. Davis*, 224 S.W.3d 165, 168 (Tenn. Ct. App. 2006) (citation omitted). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *In re Estate of Henderson*, 121 S.W.3d at 645.

Here, the trial court's order fails to resolve all the claims Ms. Whitaker asserted. As previously noted, Ms. Whitaker's May 4, 2017 filing asked the trial court to find Mr. Devereaux guilty of a Class A misdemeanor offense. Although we do not pass on the propriety of this asserted claim for purposes of this appeal, we simply observe that it is not addressed by the trial court's order. Moreover, the trial court's order does not adjudicate Ms. Whitaker's request for attorney's fees and costs pursuant to Tennessee Code Annotated section 36-3-617.[4] Because not every claim asserted by Ms. Whitaker has been resolved by the trial court's order, the order appealed from is clearly not final, and we are compelled to conclude that we lack jurisdiction to entertain the present appeal.

Upon remand, this matter will require adjudication of the remaining claims, as well as further findings of fact and conclusions of law. The trial court's decision to not extend the order of protection was among the issues Ms. Whitaker challenged in the present appeal. It should be noted, however, that our review of this issue would be hampered given the current state of the record. The trial court provided no explanation or analysis as to why it declined to extend the order of protection. On this issue, the trial court's order simply states as follows: "[T]he Court declines the Petitioner's request to extend the length of the <u>Order of Protection</u> pursuant to <u>Tenn. Code Ann.</u> § 36-3-605(d)."

"In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. Although it is true that Tennessee Code Annotated section 36-3-605(d) provides that a court "may" extend an order of protection after a violation is established, we are not able to review whether that discretion was appropriately exercised in the absence of appropriate findings revealing the basis for the trial court's action. Further findings are needed on this issue, and the trial court is free to reconsider its decision incident to its preparation of appropriate findings. According to Ms. Whitaker, the trial court's motivation for denying her request for an extension was grounded in a desire that the parties should reconcile. With respect to this point, we

---

[4] Under the statute, recoverable costs can be more than court costs. In part, the statute provides as follows: "[N]o domestic abuse victim . . . shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state." Tenn. Code Ann. § 36-3-617(a)(1).

would simply remind the trial court of the legislative intent undergirding the order of protection statutes:

> The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. **A further purpose of this chapter is to recognize that *in the past* law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers.** Thus, the general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim, and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

Tenn. Code Ann. § 36-3-618 (emphasis added).

## CONCLUSION

Given the absence of a final judgment, we currently lack jurisdiction to entertain the merits of Ms. Whitaker's raised issues. The appeal is hereby dismissed. Finding that an assessment of costs against the Appellant would be inappropriate pursuant to Tennessee Code Annotated section 36-3-617, appellate court costs are hereby waived. This case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE