IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 16, 2021 Session



## RICKY L. BOREN ET AL. v. HILL BOREN PC ET AL.

**Appeal from the Chancery Court for Madison County**
No. 75056    Robert E. Lee Davies, Senior Judge

_____

**No. W2019-02235-COA-R3-CV**
_____

This appeal involves several raised issues surrounding the ownership of the Hill Boren, PC law firm. Because the record transmitted to us on appeal evidences the lack of a final judgment, we dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Tamara Hill, Jackson, Tennessee, for the appellants, T. Robert Hill and Hill Boren, PC.

T. Robert Hill, Jackson, Tennessee, for the appellant, Hill Boren, PC.[1]

Teresa A. Luna and Lewis L. Cobb, Jackson, Tennessee, for the appellees, Ricky Lee Boren and Jeffrey P. Boyd.

## OPINION

The present controversy relates to fallout over an agreement reached between attorneys T. Robert Hill and Ricky Boren[2] concerning the ownership and control of the Hill Boren, PC law firm and also involves a number of other issues including allegations of fraud and alleged breaches of fiduciary duty. The trial court litigation involved the assertion of numerous claims by the parties, and although many of these claims were disposed of at summary judgment, others were tried before a jury. At trial, the jury found

---

[1] Although Mr. Hill is only specifically listed as "Attorney for Appellant Hill Boren, PC" in this matter, we observe that he is a signatory to both Appellants' briefs. Mr. Hill did not participate in oral argument.

[2] Additionally, associate attorneys in the law firm signed the agreement as third-party beneficiaries. These attorneys included James Krenis, Jeffrey Boyd, and Tamara Hill (Mr. Hill's wife).

in favor of Mr. Boren and attorney Jeffrey Boyd and against Mr. Hill, and the trial court entered judgment on the verdict. Substantial punitive damages were awarded to Mr. Boren and Mr. Boyd and against Mr. Hill.

In support of a post-trial motion for remittitur, Mr. Hill contended, among other things, that the punitive damages awarded against him exceeded the statutory cap established by Tennessee Code Annotated section 29-39-104(a)(5). In response to this issue, Mr. Boren and Mr. Boyd contended that the statutory cap on punitive damages was unconstitutional, and they forwarded a copy of their response to the State's Office of the Attorney General.

In an ensuing order which broached the issue of punitive damages and the question of remittitur, the trial court initially held that a certain reduction in the punitive damages awarded to Mr. Boren and Mr. Boyd would be "more in line" with the evidence. Yet, while the trial court's remittitur exceeded the statutory cap on punitive damages, the issue of the constitutionality of the cap was never ruled upon by the trial court. The trial court observed, however, that the United States Sixth Circuit Court of Appeals had ruled that the statutory cap on punitive damages in Tennessee was unconstitutional, while also pointing out that there were other pending challenges concerning the question in state court. Thus, the court held that it would suggest an "alternative remittitur," stating that "in the event the Tennessee Supreme Court . . . finds the statute to be constitutional," it "will reduce the punitive damage award to two times the amount of compensatory damages awarded pursuant to Tenn. Code Ann. § 29-39-104." Faced with these alternative remittiturs, the court's selection of which potentially hinged on the outcome of other litigation pursuant to the terms of the court's order, Mr. Boren and Mr. Boyd filed a notice with the court indicating that they accepted both remittiturs.

Subsequently,[3] an order was entered granting the State's motion to intervene in the case "for the sole purpose of defending the constitutionality of Tenn. Code Ann. § 29-39-104." The record reveals the absence of a resolution on the constitutional question by the trial court, and accordingly, as a result of the trial court's alternative ruling, there is no final judgment on the question of punitive damages.

This lack of a final judgment is of concern to us as a reviewing court, because although numerous issues are raised for our review in connection with the underlying case, we must begin every appeal by addressing the question of whether we have subject matter jurisdiction. *See* Tenn. R. App. P. 13(b); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010). In connection with this duty, we consider whether the order appealed from is a final judgment.

---

[3] Whereas the order allowing the State's intervention was signed a few days before the notice of acceptance, it was not actually entered by the trial court until the day after the notice by Mr. Boren and Mr. Boyd was filed.

Indeed, it is well-settled law that, "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); *see also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (noting that an appeal as of right may be taken only after the entry of a final judgment). A final judgment is one that completely defines the parties' rights and leaves nothing else for the trial court to do. *Davis v. Davis*, 224 S.W.3d 165, 168 (Tenn. Ct. App. 2006). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *In re Estate of Henderson*, 121 S.W.3d at 645.

As discussed above, there is a lack of finality in this case on the question of punitive damages. The trial court designated "alternative" remittiturs, and it expressly indicated that the selection of the appropriate remittitur was potentially dependent on the outcome of other pending litigation unrelated to this case. Indeed, pointing to future action by it, the court ruled that, depending on the result of other litigation, it "will reduce" the punitive damage award. The terms of the order thus indicate continued retention of the issue by the trial court, and the record does not reveal that the matter has ever been conclusively resolved. Moreover, whereas the State was later joined as a party to address the constitutional question of the statutory cap on punitive damages, the record does not reflect that the trial court ever specifically and definitively ruled on this question.[4] Given the absence of a final judgment, we hereby dismiss this appeal for lack of subject matter jurisdiction.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[4] Moreover, the record on appeal does not reflect that the State of Tennessee, although allowed by the trial court to intervene in the case, was ever served with either the notice of appeal or the briefs on appeal.