IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 12, 2022 Session

## JASON BRITT v. RICHARD JASON USERY ET AL.

**Appeal from the Circuit Court for Henderson County**
**No. 17112-2  Donald H. Allen, Judge**

_____

### No. W2021-00137-COA-R3-CV

_____

Although the Plaintiff appeals the trial court's dismissal of his claims, we dismiss the appeal due to the absence of a final appealable judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Adam Nelson, Union City, Tennessee, for the appellant, Jason Britt.

Tamara Hill, Jackson, Tennessee, for the appellees, Jason Usery Construction, LLC, and Richard Jason Usery.

### MEMORANDUM OPINION[1]

On August 11, 2017, the Plaintiff/Appellant, Jason Britt ("Mr. Britt"), commenced the present lawsuit by filing a complaint in the Henderson County Circuit Court.  The complaint named Jason Usery Construction, LLC, and its alleged agent, Richard Jason Usery ("Mr. Usery"), as Defendants, and raised claims for breach of contract, negligent construction, and fraud in connection with a home construction project on Mr. Britt's property.  Of note to our disposition herein, the record reflects that Mr. Usery later asserted

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

a counterclaim against Mr. Britt.

The trial court ultimately entered an order dismissing Mr. Britt's claims. Although Mr. Britt moved to set the dismissal order aside, the trial court denied this motion in an order entered on January 8, 2021. A notice of appeal was subsequently filed in this Court on February 5, 2021.

Although Mr. Britt's appellate brief raises numerous issues connected to the trial court's disposition of his claims, we must begin our appellate review, as in every appeal, by addressing the question of whether this Court has subject matter jurisdiction. *See* Tenn. R. App. P. 13(b). As we recently explained, in connection with this duty, we consider whether the order appealed from is a final judgment:

> [I]t is well-settled law that, "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); *see also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (noting that an appeal as of right may be taken only after the entry of a final judgment). A final judgment is one that completely defines the parties' rights and leaves nothing else for the trial court to do. *Davis v. Davis*, 224 S.W.3d 165, 168 (Tenn. Ct. App. 2006). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final.

*Boren v. Hill Boren PC*, No. W2019-02235-COA-R3-CV, 2021 WL 1109992, at *2 (Tenn. Ct. App. Mar. 23, 2021).

Here, there is an absence of a final judgment because the record does not indicate that Mr. Usery's counterclaim has been adjudicated.[2] At oral argument, counsel for Mr. Britt conceded that the counterclaim in this case has not been resolved. As such, it is clear that there is more for the trial court to do and that there is not a final appealable judgment. Because we are without jurisdiction to proceed any further, the appeal is hereby dismissed.[3]

s/ Arnold B. Goldin

ARNOLD B. GOLDIN, JUDGE

---

[2] Moreover, the order appealed from contains no certification pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

[3] In connection with our dismissal, we briefly call the trial court's and the parties' attention to another matter. Irrespective of the finality issue, the current record is technically lacking as it pertains to the entry of the trial court's January 8, 2021 order on Mr. Britt's motion to set aside. Although the January 8 order recites that "[a] transcript is filed and attached to this Order and incorporated by reference," the record on appeal reflects that no transcript is actually attached to the order. We encourage the parties to address the trial court about this matter on remand and for the trial court to amend its order accordingly.